Edward R. Litwin SB#: 57635
Christina H. Lee SB#: 230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA 94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Seyed Hamed Nejad-Hosseinian | Civil No. |
| Plaintiff, | PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS |
| -vs- | |
| Michael Chertoff, Secretary | |
| Emilio T. Gonzalez, Director, CIS | "Immigration Case" |
| Rosemary Melville, District Director | CIS NO.    A023-315-613 |
| Frank Siciliano, Field Office Director | |
| Department of Homeland Security; | |
| Robert S. Mueller, Director | |
| Federal Bureau of Investigations | |
| Defendants. | |

COMES NOW Seyed Hamed Nejad-Hosseinian, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1.     This action is brought against the Defendants to compel action on Form N-400, Application for Naturalization properly filed by the Plaintiff. The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiff's detriment.

COMPLAINT                                                                 1

## PARTIES

2. Plaintiff Seyed Hamed Nejad-Hosseinian is 33 years-old and is a citizen of Iran. He became a lawful permanent resident of the United States on June 15, 2001.

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 CFR §2.1.

4. Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has, in part, been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

5. Defendant Rosemary Melville is the District Director of the San Francisco District of the CIS, and this action is brought against her in her official capacity. Defendant Rosemary Melville is generally charged with administration and enforcement of the Act and all other laws relating to immigration and naturalization within her assigned geographic area. 8 C.F.R. § 100.2(d)(2)(ii).

6. Defendant Frank Siciliano is the Field Office Director of the San Jose sub-office and this action is brought against him in his official capacity. Defendant Frank Siciliano is an official of the CIS charged with supervisory authority over operations of the San Jose sub-office, including adjudication of naturalization applications filed within its jurisdiction. Defendant Frank Siciliano is the official with whom Plaintiff's application for naturalization continues to pend. 8 CFR §100.2(d)(2)(ii), 8 CFR §100.4(c)(1), and 8 CFR §103.1(b).

7. Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and this action is brought against him in his official capacity. Defendant Robert S. Mueller is the head of

COMPLAINT                                    2

the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General. 28 USC § 533.

## JURISDICTION

8.   The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b) and §701 *et seq.*, 8 USC § 1421 *et seq.,* and 8 USC § 1447(b) and 28 USC § 2201 since the Defendants have failed to make a determination of Plaintiff's application for naturalization within the 120 day statutory period. Relief is requested pursuant to said statutes.

## INTRADISTRICT ASSIGNMENT

9.   Pursuant to Civil L.R. 3-2(d), since the Plaintiff resides in Santa Clara County, assignment shall be to the San Jose Division.

## VENUE

10.   Venue is proper in this court, pursuant to 28 USC § 1391(e)(3), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the plaintiff resides if no real property is involved in the action. Specifically, Plaintiff resides at 1063 Morse Avenue, Apt/Suite 11-306, Sunnyvale, California, and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

11.   Plaintiff has exhausted his administrative remedies. Plaintiff has made numerous inquiries concerning the status of his application to no avail.

## CAUSE OF ACTION

12.   All legal prerequisites having been satisfied, Mr. Nejad-Hosseinian filed his application for naturalization on November 17, 2004, with the USCIS.

COMPLAINT                                   3

13. On March 31, 2005, Plaintiff Nejad-Hosseinian was interviewed by an Officer Jones at the USCIS in Baltimore, Maryland.

14. Although he passed the civics and English requirement, Plaintiff Nejad-Hosseinian was told that a decision could not yet be made on his application. The Officer requested that Plaintiff Nejad-Hosseinian submit additional photos and tax returns for the last three years.

15. On April 20, 2005, Plaintiff Nejad-Hosseinian submitted the requested additional documents to the USCIS.

16. On June 21, 2006, Plaintiff Nejad-Hosseinian, through an InfoPass appointment, inquired with the USCIS about his case.

17. On June 21, 2006, the Baltimore USCIS sent a response letter to Plaintiff's inquiry stating that Plaintiff's case is still pending due to a variety of background checks with other government agencies, and that once the results are received, the Plaintiff will receive written notification of a decision.

18. In November 2006, Plaintiff Nejad-Hosseinian contacted Congressman Christopher Van Hollen regarding his case, and was told by the Congressman that his office could not help him.

19. In June 2007, Plaintiff Nejad-Hosseinian moved to Northern California and made an InfoPass appointment with the local office to inquire about his case.

20. On July 1, 2007, Plaintiff Nejad-Hosseinian contacted the USCIS to inform them of his change of address.

21. On July 2, 2007, the USCIS sent the Plaintiff a letter stating that the Plaintiff's file was previously in the New York district office and was then transferred to the National Records Center on June 26, 2007. Plaintiff Nejad-Hosseinian was told that he needs to schedule an appointment with the local office through InfoPass to review his file.

22. On July 12, 2007, the Plaintiff, through an InfoPass appointment, went to the San Jose USCIS office to inquire about his case. The USCIS officer stated that she would put in a request for his file to

COMPLAINT 4

be transferred to the San Jose USCIS. Plaintiff Nejad-Hosseinian was also told that he needed to schedule an appointment for his biometrics.

23. On July 14, 2007, Plaintiff Nejad-Hosseinian had his biometrics taken.

24. On August 10, 2007, Plaintiff Nejad-Hosseinian scheduled another InfoPass appointment with the San JoseUSCIS to follow-up on his case. He was told that his file was with the San Jose USCIS and that the office was waiting for the Plaintiff's background checks to be completed. Plaintiff Nejad-Hosseinian was told that he could follow-up in six months.

25. More than 120 days have passed since the Plaintiff's initial interview, and the Defendants have made no decision on Plaintiff's application.

26. The Defendants' failure to make a determination of Plaintiff's application within the 120-day statutory period allows the Plaintiff to bring the matter to this Court for a hearing pursuant to 8 USC § 1447(b).

27. Further, upon information and belief, the USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies unknown to the Plaintiff, to complete and verify security checks with regard to Plaintiff Nejad-Hosseinian. Defendants Secretary Chertoff and Director Mueller and unknown officers and officials under their direction and control have failed and refused to complete such security checks as required under Executive Order 10450.

28. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., have unlawfully withheld, and are unlawfully withholding and unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case. By denying adjudication, Defendants are denying Plaintiff Nejad-Hosseinian the rights accorded to a United States citizen, such as a right to vote.

29. Plaintiff desires a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States.

COMPLAINT                                                                 5

## PRAYER

30. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court will:

    (a) hear Plaintiff's case and render a declaratory judgment that he is entitled to be naturalized,

    (b) award the Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and

    (c) grant such further relief at law and in equity as justice may require.

Dated: _____

                                                /s/
                                   Christina H. Lee
                                   Attorney for Plaintiff

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

COMPLAINT                                            6